Scynus **PARROTT**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 23, 1966.

Eugene Goss, Harlan, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted of transporting alcoholic beverages for the purpose of sale in local option territory, was fined $20, and sentenced to 30 days in jail. Three questions are raised.

Appellant was apprehended by a state trooper. This trooper had seen him loading in a car what appeared to be cases of beer or whiskey and had later arrested him for certain traffic violations (of which appellant was subsequently acquitted). The trooper then obtained a search warrant and upon searching appellant's car found a quantity of alcoholic beverages.

■■ It is first contended that the evidence obtained under the search warrant should be suppressed because the warrant was not directed specifically to the state trooper. The warrant was directed "to any Sheriff, Constable, Jailer, Marshal, or Policeman, of Harlan County".

KRS 16.060, in referring to the state police, provides as follows:

" * * * each officer of the department is individually vested with the powers of a peace officer and shall have in all parts of the state the same powers with respect to criminal matters and enforcement of the laws relating thereto as sheriffs, constables and police officers in their respective jurisdictions, * * *."

The state trooper was acting as a police officer when he served this warrant. He falls within the designation of "Policeman".

Even if he was not technically a "policeman", he was certainly a peace officer who could have been directed to serve this warrant. KRS 242.370(2) provides that "any officer" receiving such a warrant shall immediately execute it. In our opinion such a paper may be served by a person to whom it lawfully could be directed.

It may be observed that a warrant of *arrest* is required to be directed to "all peace officers" in the Commonwealth (RCr 2.06), and it may be executed by "any peace officer" (RCr 2.10(1)). See also KRS 431.-005. No reason is apparent why the technical designation of specific peace officers should deprive other such officers of their authority when such warrant is delivered to them for execution. Certainly no rights of a defendant are adversely affected.

A search warrant, in this respect, is in the same category as a warrant of arrest. If directed to any peace officer, it is directed to all who have authority to act within the jurisdiction involved. We conclude that the state trooper had authority to serve this warrant and the evidence obtained by virtue of it was admissible.

■ It is next contended the search was unreasonable because the defendant was improperly detained while the search warrant was procured. We do not know on what ground this detention, even if improper, could affect the validity of a search made pursuant to a valid search warrant. Appellant's car could have been lawfully searched whether or not he had been detained. The evidence obtained should be suppressed only if the *search* was unreasonable. Regardless of what preceded it, it was authorized by the warrant and was therefore lawful.

■ It is finally contended the affidavit upon which the search warrant was based was insufficient to show probable cause. The state trooper himself made the affidavit and therein he recited that he observed the defendant load the trunk of his automobile behind a liquor store with "what appeared to be cases of beer or whiskey". Appellant says these facts raised only a suspicion. However, we believe that when one is observed loading the trunk of his car with cases of something at the rear of a liquor store, it is rather probable that the content of the cases is liquor.

The judgment is affirmed.